CATHERINE CORTEZ MASTO
Nevada Attorney General
BRIAN W. HAGEN
Deputy Attorney General
Nevada Bar No. 11389
Bureau of Litigation
Public Safety Division
100 N. Carson Street
Carson City, NV  89701-4717
Tel: 775-684-1136
Email: bhagen@ag.nv.gov

*Attorneys for Defendants Romeo Aranas, Isidro Baca, Cheryl Burson, James "Greg" Cox, Roland Daniels, Jerry Howell, Paula Miller, Cole Morrow, Umair Moten, David Mumford, Dwight Neven, Francisco Sanchez, Howard Skolnik, William Tate, Kay Weiss, Brian Williams, Sr. and Connor Wolf*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON M. JONES,<br><br>              Plaintiff,<br><br>v.<br><br>DOROTHY NASH HOLMES, et al.,<br><br>              Defendants. | Case No.  3:11-cv-00047-LRH-WGC<br><br>**RESPONSE TO PLAINTIFF'S MOTION TO STOP RETALIATION AND RECONSIDERATION OF APPOINTMENT OF COUNSEL** |

Defendants, by and through counsel, Catherine Cortez Masto, Nevada Attorney General, and Brian W. Hagen, Deputy Attorney General, oppose Plaintiff's Motion to Stop Retaliation and Reconsideration of Appointment of Counsel (#37).  This opposition is brought pursuant to Fed. R. Civ. P. 7(b) and Local Rule 7-2 and is based on Fed. R. Civ. P. 65, the following memorandum of points and authorities, and all papers and pleadings on file in this case.

Through the present motion, Plaintiff is now alleging a new constitutional violation that was not presented in his complaint and is not properly before the Court, specifically a claim of retaliation.  (*See* Doc. #4; Doc. #37).  Plaintiff claims that Defendants are attempting to force him to "police the tier," spreading false propaganda in an effort to incite other inmates to injure

the Plaintiff, enforcing false and retaliatory prison discipline, improperly denying grievances and throwing away paperwork. (#37).

Each of these allegations is separate and distinct from his allegations in the complaint. This Court, though vested with the power to control its docket, lacks the power to remedy alleged collateral misconduct of non-parties to this litigation.

### A. PLAINTIFF IS NOT ENTITLED TO INJUNCTIVE RELIEF

Interpreting the pleading in the most favorable light, it appears to be a Motion for Preliminary Injunction.[1]  A preliminary injunction is an "extraordinary and drastic remedy" that is never awarded as a matter of right.  *Munaf v. Green,* 553 U.S. 674, 689-690 (2008) (internal citations omitted).  The purpose of preliminary injunctive relief is to "preserve the status quo pending a determination of the case on the merits."  *Sierra Forest Legacy v. Rey,* 577 F.3d 1015, 1023 (9th Cir. 2009) quoting *Los Angeles Mem'l Coliseum Comm'n v. Nat'l Football League,* 634 F.2d 1197, 1200 (9th Cir. 1980).  Preliminary injunctive relief is intended to protect against the irreparable loss of rights prior to judgment on the merits of a claim. *Sierra On-Line, Inc. v. Phoenix Software, Inc.,* 739 F.2d 1415, 1422 (9th Cir. 1984).  It may be awarded only on a clear showing that the Plaintiff is entitled to relief.  *Winter v. Natural Resources Defense Council, Inc.,* 129 S.Ct. 365, 376 (2008).

The Ninth Circuit uses two alternative tests to determine when preliminary injunctive relief should issue.  Under the traditional test, a preliminary injunction should issue only if the Plaintiff demonstrates: (1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest.  *Textile Unlimited, Inc. v. A..BMH and Co., Inc.*, 240 F.3d 781, 786 (9th Cir. 2001) citing *Los Angeles Mem'l Coliseum Comm'n,* 634 F.2d at 1201.  Alternatively, the party seeking preliminary injunctive relief may meet its burden by demonstrating "a combination of probable success on the merits and the possibility of irreparable harm" or "that serious questions are raised and the balance of hardships tips in its favor."  *A&M Records, Inc. v. Napster, Inc.,* 239 F.3d 1004, 1013 (9th Cir.

---

[1] The Motion also requests the appointment of counsel.

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

2001) citing *Prudential Real Estate Affiliates, Inc. v. PPR Realty, Inc.,* 204 F.3d 867, 874 (9th Cir. 2000).

Nothing concerning the allegations presented in the Motion (#37) indicate that Plaintiff is any more likely to succeed on the merits of the underlying action. Further, a party seeking preliminary injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir. 1994). Here, any alleged irreparable injury presented by these allegations is separate and distinct from the underlying lawsuit. Next, the balance of equities in this case does not tip sharply in favor of Plaintiff. In *Bell v. Wolfish,* 441 U.S. 520, 547 (1979), the Supreme Court noted that prison administrators and officials must be accorded wide-ranging deference in the adoption of policies and practices that, in their judgment, are needed to preserve internal order and maintain prison security. Plaintiff has failed to demonstrate that he is likely to succeed on the merits of the alleged retaliation claim and he has failed to demonstrate that there is a likelihood he will be subjected to irreparable harm. On the other hand, issuing preliminary injunctive relief in this case would require the Court to interfere with the daily operation of the NDOC in the absence of any evidence that the allegations of retaliation have merit. Given that Courts are required to accord "substantial weight" to the effects injunctive relief may have on the operation of the prisons, and given the wide-ranging deference the Court is required to accord prison officials, the balance of hardships favors Defendants. *See Bell,* 441 U.S. at 547; 18 U.S.C. §3626(a)(2). Additionally, unnecessary court intervention in the operations of prisons does not serve any public interest.

## B. Request for Counsel

As Plaintiff notes, a finding of "exceptional circumstances" under 28 U.S.C. § 1915(e) requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be reviewed together before reaching a decision. *Terrell*, 935 F.2d at 1017 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)); *see* also *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). Plaintiff bears the

burden of proving exceptional circumstances.  *Id.*  The difficulties which any litigant would have in proceeding pro se do not by themselves qualify as "exceptional circumstances." *Wood*, 900 F.2d at 1335-1336; *Wilborn*, 789 F.2d at 1331.  In *Terrell*, the court found that the plaintiff "demonstrated sufficient writing ability and legal knowledge to articulate his claim," that the case did not involve substantial complexity, and that plaintiff had not demonstrated that it was likely he would succeed on the merits.  *Terrell*, 935 F.2d at 1017.

Here, Plaintiff fails to show the existence of any exceptional circumstances which would warrant appointment of counsel by this Court in this matter.  Counsel would not be useful in preventing the alleged retaliation Plaintiff claims in his Motion (#37).  The Motion offers no other discussion indicating that the legal issues have grown increasingly complex or that he is more likely to succeed on the merits.

Accordingly, Plaintiff's Motion, interpreted either as a request for injunctive relief or a request for the appointment of counsel should be **DENIED.**

DATED this 9th day of May, 2013.

> CATHERINE CORTEZ MASTO
> Attorney General
>
> By: _____
> BRIAN W. HAGEN
> Deputy Attorney General
> Bureau of Litigation
> Public Safety Division
>
> *Attorneys for Defendants*

Office of the
Attorney General
100 N. Carson St.
Carson City, NV
89701-4717

**CERTIFICATE OF SERVICE**

I certify that I am an employee of the Office of the Attorney General, State of Nevada, and that on this 9th day of May, 2013, I caused to be served a copy of the foregoing **RESPONSE TO PLAINTIFF'S MOTION TO STOP RETALIATION AND RECONSIDERATION OF APPOINTMENT OF COUNSEL,** by mailing a true copy to the following:

JASON M. JONES #70541
HIGH DESERT STATE PRISON
P.O. BOX 650
INDIAN SPRINGS, NV 89070

_____
ROBIN R. SUMMERS