UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JASON M. JONES, | ) | 3:11-cv-00047-LRH-WGC |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| DOROTHY NASH HOLMES, et al.. | ) | |
| Defendants. | ) | |

Before the court is Plaintiff's motion in which he seeks to stop the NDOC from retaliating against him as well as reconsideration of the court's order denying appointment of counsel. (Doc. # 37.) Defendants have opposed Plaintiff's motion. (Doc. # 38.)

Motion for Reconsideration

The court will first address Plaintiff's request for reconsideration of the order denying Plaintiff's motion for appointment of counsel. Plaintiff filed his initial request for appointment of counsel along with his complaint. (Doc. # 1-2.) The court denied the motion without prejudice, finding that Plaintiff demonstrated an ability to articulate his claims and that the legal issues did not appear complex. (Doc. # 19 at 2.)

Plaintiff filed a second request for appointment of counsel on April 3, 2013. (Doc. # 34.) The court advised Plaintiff again that he does not have a Sixth Amendment right to counsel, but that if *extraordinary circumstances* are presented, federal courts can request that an attorney represent an indigent civil litigant. (*See* Doc. # 36.) Plaintiff was further advised that there had to be a showing that he had a likelihood of success on the merits and an inability to articulate his claims in light of the

complexity of the issues involved. (*Id.*) The court explained that Plaintiff had failed to address whether he was likely to succeed on the merits and similarly failed to explain the complexity of his claims and why he was unable to articulate them. (*Id.*) Finding that Plaintiff's claims for retaliation, deliberate indifference to a serious medical and deliberate indifference to a serious threat to his safety under the Eighth Amendment were neither complex nor unduly complicated and when coupled with the fact that Plaintiff appeared to be able to sufficiently articulate his claims, the court concluded that Plaintiff could adequately represent himself. (*Id.*)

Plaintiff has presented no additional information in his request for reconsideration that would serve to change the outcome of the court's determination on this subject. Plaintiff still fails to address whether he has a likelihood of success on the merits, and has not shown an inability to articulate his claims. Accordingly, Plaintiff's request for reconsideration is denied.

Retaliation

The court will now turn to Plaintiff's request that NDOC stop retaliating against him. In his motion, Plaintiff asserts that a correctional officer has put his life in danger by trying to get him to police the tier; that correctional officers are retaliating against him for filing grievances and for making legal phone calls; attempting to force him back to general population; and refusing to send him his Kosher diet. (Doc. # 37.)

While it is not entirely clear, it appears that Plaintiff seeks a temporary restraining order or injunction; however, a request for such relief must be accompanied by a showing of: (1) a likelihood of success on the merits; (2) a likelihood of suffering irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). Plaintiff has not addressed each of these factors. Therefore, Plaintiff's motion, insofar as it requests injunctive relief, is denied without prejudice.

In addition, Plaintiff seems to seek relief that is unrelated to his claims in this action. If Plaintiff seeks to renew his request for injunctive relief with a showing of the factors set forth in *Winter*, Plaintiff must also demonstrate "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v.*

2

*Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). Injunctive relief is used to address issues related to the underlying violations presented in the complaint. Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action.

In sum, Plaintiff's motion (Doc. # 37) is **DENIED** as set forth above.

**IT IS SO ORDERED.**

DATED: June 26, 2013

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE