# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JASON M. JONES,<br><br>                Plaintiff,<br><br>vs.<br><br>DOROTHY NASH HOLMES, et. al.<br>                Defendants. | 3:11-cv-00047-LRH-WGC<br><br>**REPORT & RECOMMENDATION**<br>**OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Plaintiff originally submitted his application for leave to proceed in forma pauperis and complaint on January 24, 2011. (*See* Docs. # 1, # 1-1.)[1] The court screened the complaint pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), and dismissed it as barred by the applicable statute of limitations. (*See* Doc. # 3.) Plaintiff sought reconsideration of the screening order which was denied (Docs. # 6, # 7), and Plaintiff filed a notice of appeal (Doc. # 8). The Ninth Circuit Court of Appeals concluded that the dismissal was premature because it was not clear from the complaint whether the statute of limitations was tolled while Plaintiff filed any

---

[1] Refers to court's docket number.

1

administrative grievances. (*See* Doc. # 16.) The dismissal was vacated and the action was remanded. (*Id*.)

On remand, the complaint was screened again and the court determined Plaintiff stated the following colorable claims: (1) a retaliation claim against Dorothy Nash Holmes; (2) claims for deliberate indifference to a serious threat to his safety under the Eighth Amendment against defendants Williams, Burson, Howe, Doe classification committee members, Skolnik, Cox, Sure, Miller, Weiss, Daniel, Riley, Nevan, morrow, Baca, and Hinson; (3) claims for deliberate indifference to a serious medical need under the Eighth Amendment against defendants Bloomfield, Tate, Komusoff, nurse "Big John"; Dressler; Sybilla; Sanchez, Aranas, Mumford, Mataley, Panzzo, Moten and Wolf. (Doc. # 19.) The screening order, served on Plaintiff's last noted address of record at Lovelock Correctional Center (LCC), was returned as undeliverable. (*See* Doc. # 22.)

The court subsequently entered an order encouraging the parties to engage in settlement discussions (Doc. # 21) which was also returned as undeliverable (Doc. # 23).

Another order (Doc. # 25) was returned as undeliverable indicated that Plaintiff was paroled. (*See* Doc. # 26.) Plaintiff had not advised the court of an updated address.

Plaintiff then filed a motion for appointment of counsel on April 3, 2013, which indicates an address at High Desert State Prison (HDSP) (Doc. # 34), but never filed a formal notice updating his address. The court issued a minute order the following day noting that the second screening order (Doc. # 19), order regarding informal settlement discussions (Doc. # 21) and another order issued on January 18, 2013 (Doc. # 25) were returned as undeliverable. (*See* Doc. # 35.) The court indicated that Plaintiff's address was updated based on a certificate of service, but also advised Plaintiff of his responsibility to notify the court of any change of address. (*Id*.)

The court went on to advise Plaintiff that failure to do so could result in dismissal of his action with prejudice pursuant to Local Rule LSR 2-2. (*Id*.) Out of an abundance of caution, the court ordered the Clerk to send Plaintiff a copy of the documents noted above, as well as a copy of the docket. (*Id*.)

Plaintiff filed another motion stating that he had been paroled from prison but had returned when he violated the terms of his parole. (Doc. # 37.) Subsequent filings served on Plaintiff at HDSP were returned as undeliverable with a notation that Plaintiff was no longer at HDSP. (*See* Docs. # 42, # 43.)

Defendants have now filed a motion to dismiss based on Plaintiff's failure to apprise the court of his location. (Doc. # 45.) Defendants assert that NDOC's public website, http://www.doc.nv.gov/inmatesearch/form.php, reflects Plaintiff is no longer in custody of NDOC. (Doc. # 45 at 3.) It was also confirmed through the warden's office that Plaintiff was discharged from HDSP on May 2, 2013. (*Id*.)

Plaintiff has failed to notify the court of his location or provide an updated address despite the court's admonition that failure to do so could result in dismissal of the action with prejudice. Nor has he undertaken any other effort to continue to prosecute this case. Accordingly, the court recommends that Plaintiff's action be dismissed pursuant to LSR 2-2 which provides that a plaintiff "shall immediately file with the Court written notification of any change of address" and "[f]ailure to comply with this Rule may result in dismissal of the action with prejudice."

### **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DISMISSING** this action **WITH PREJUDICE**.

3

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED: October 16, 2013.

_____
**WILLIAM G. COBB**
**0UNITED STATES MAGISTRATE JUDGE**