**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON M. JONES, | ) 3:11-cv-00047-LRH-WGC |
| | ) |
| Plaintiff, | ) **REPORT & RECOMMENDATION** |
| | ) **OF U.S. MAGISTRATE JUDGE** |
| vs. | ) |
| | ) |
| DOROTHY NASH HOLMES, et. al. | ) |
| | ) |
| Defendants. | ) |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Plaintiff's motion seeking a temporary restraining order. (Doc. # 52.)[1]

Plaintiff has also filed a second motion seeking injunctive relief regarding his access to the law library, supplies, and legal research materials. (Doc. # 54.)

After a thorough review, the court recommends that Plaintiff's motions (Docs. # 52 and # 54) be denied.

**I. BACKGROUND**

At all relevant times, Plaintiff Jason M. Jones was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 1-1).) The complaint was screened,

---

[1] Refers to court's docket number.

1

finding Plaintiff states the following colorable claims: (1) a retaliation claim against Dorothy Nash Holmes; (2) claims for deliberate indifference to a serious threat to safety under the Eighth Amendment against defendants Williams, Burson, Howe, Doe classification committee members, Skolnik, Cox, Sure, Miller, Weiss, Daniel, Riley, Nevan, Morrow, Baca and Hinson; (3) claims for deliberate indifference to a serious medical need under the Eighth Amendment against defendants Bloomfield, Tate, Komusoff, nurse "Big John", Dressler, Sybilla, Sanchez, Aranas, Mumford, Mataley, Panzzo, Moten and Wolf. (Screening Order (Doc. # 19.)[2]

Plaintiff has now filed two motions seeking injunctive relief. The first motion (Doc. # 52), raises the issue of persons at NDOC disregarding his legal mail and certain religious rights issues related to his Jewish faith. The second motion (Doc. # 54), asserts that the law library has refused to respond to his questions. He also makes a vague reference to his medical condition and asks for his remand to the Clark County Detention Center to relieve medical care, as well as the denial of Kosher meals.

## II. LEGAL STANDARD

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or

---

[2]   The undersigned issued a report and recommendation for dismissal of this action as a result of Plaintiff's failure to prosecute the action and keep the court advised of his whereabouts. (Doc. # 50.) Plaintiff since filed an objection to the report and recommendation, which is currently pending before the District Judge.

withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51 (Ginsburg, J., dissenting: "[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high...This Court has never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 632 F.3d at 1131. Instead, the portion of the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). The Ninth Circuit has since found that post-*Winter*, this circuit's sliding-scale approach, or "serious questions" test "survives...when applied as part of the four-element *Winter* test." *Alliance*, 632 F.3d at 1131-32. "In other words, 'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Id.*

An even more stringent standard is applied where mandatory, as opposed to prohibitory preliminary relief is sought. The Ninth Circuit has noted that although the same general principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir. 1984) (citation omitted). Thus, an award of mandatory preliminary relief is not to be granted unless both the facts and the law clearly favor the moving party and extreme or very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir. 1979) (citations omitted). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*

Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must satisfy additional requirements when seeking preliminary injunctive relief against prison officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of federal courts and to protect the bargaining power of prison administrators-no longer may courts grant or approve relief that binds prison administrators to do more than the constitutional minimum." *Id.* at 999.

4

The standard for issuing a temporary restraining order is identical to the standard for preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush and Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Moreover, it is appropriate to treat a non-ex parte motion for a temporary restraining order and preliminary injunction as a motion for a preliminary injunction. *See* 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2951 (2d ed. 2007) ("When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements.").

## III. DISCUSSION

Not only does Plaintiff fail to address whether he is likely to succeed on the merits, whether he is likely to suffer irreparable injury in the absence of injunctive relief, the balance of hardships or the public interest, but he is for the most part requesting injunctive relief that does not relate to his underlying claims.

A plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

Injunctive relief is used to address issues related to the underlying claims; Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action. As such, his request for injunctive relief concerning his legal mail, religious rights, and access to the law library are improper.

To the extent Plaintiff vaguely references his medical condition and asks that he be transferred to Clark County Detention Facility for medical treatment, he has not satisfied the prerequisites for obtaining injunctive relief described above.

Therefore, it is recommended that Plaintiff's motions (Docs. # 52, # 54) be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motions requesting injunctive relief (Docs. # 52, # 54).

The parties should be aware of the following:

1.     That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED:  November 12, 2013.

_____
**WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE**