**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| JASON M. JONES, | 3:11-cv-00047-LRH-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION** <br> **OF U.S. MAGISTRATE JUDGE** |
| vs. | |
| DOROTHY NASH HOLMES, et. al. | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court are two motions filed by Plaintiff seeking injunctive relief. (Docs. # 57, # 58.)[1]

After a thorough review, the court recommends that Plaintiff's motions (Docs. # 57 and # 58) be denied.

## I. BACKGROUND

At all relevant times, Plaintiff Jason M. Jones was an inmate in custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl. (Doc. # 1-1).) The complaint was screened, finding Plaintiff states the following colorable claims: (1) a retaliation claim against Dorothy Nash Holmes; (2) claims for deliberate indifference to a serious threat to safety under the Eighth

---
[1] Refers to court's docket number.

1

Amendment against defendants Williams, Burson, Howe, Doe classification committee members, Skolnik, Cox, Sure, Miller, Weiss, Daniel, Riley, Nevan, Morrow, Baca and Hinson; (3) claims for deliberate indifference to a serious medical need under the Eighth Amendment against defendants Bloomfield, Tate, Komusoff, nurse "Big John", Dressler, Sybilla, Sanchez, Aranas, Mumford, Mataley, Panzzo, Moten and Wolf. (Screening Order (Doc. # 19.)[2]

The court recently issued another report and recommendation for the denial of two additional motions seeking injunctive relief because they are unrelated to this action. (*See* Docs. # 52, # 54, # 55.) Plaintiff has since filed the instant two motions, once again seeking relief unrelated to this action. The first motion (Doc. # 57), mentions several issues, none of which are related to this case: legal supplies; correctional officers who are not defendants in this action engaging in inappropriate conduct; food safety standards; and Kosher meals. The second motion (Doc. # 58), contains a vague reference to retaliation without describing any conduct in particular and then makes mention of food safety standards.

## **II. DISCUSSION**

A plaintiff seeking injunctive relief must show "[a] relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *accord Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

Injunctive relief is used to address issues related to the underlying claims; Plaintiff is not permitted to file a complaint in federal court and then use that action as a forum to air his

---

[2] The undersigned issued a report and recommendation for dismissal of this action as a result of Plaintiff's failure to prosecute the action and keep the court advised of his whereabouts. (Doc. # 50.) Plaintiff since filed an objection to the report and recommendation, which is currently pending before the District Judge.

unrelated grievances. Such complaints are properly lodged using the prison grievance system and, if they remain unresolved, by filing a new action. As such, his two most recent requests for injunctive relief are improper.

Therefore, it is recommended that Plaintiff's motions (Docs. # 57, # 58) be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motions requesting injunctive relief (Docs. # 57, # 58).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule IB 3-2 of the Local Rules of Practice, specific written objections to this Report and Recommendation within fourteen (14) days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of the District Court's judgment.

DATED:  November 18, 2013.

_____
**WILLIAM G. COBB**
**UNITED STATES MAGISTRATE JUDGE**