# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| JASON M. JONES, | ) | 3:11-cv-00047-LRH-WGC |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | re Defendants' Motion to Strike |
| DOROTHY NASH HOLMES, et al., | ) | Doc. # 74 |
| Defendant. | ) | |

Before the court is Defendants' "Motion to Strike Plaintiff's [Proposed Amended] Complaint (Court Docket 67)." (Doc. # 74.)[1] Plaintiff has opposed the motion. (Doc. # 74.) No reply was filed.

On or about January 10, 2014, Plaintiff filed a document entitled "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." (Doc. # 67.) No case number was inserted into this form document. The last page of the document included a handwritten note (Doc. # 67-1) to the "Clerk of Court" which at the bottom noted, in the same handwriting:

THANK YOU<br>**and can I amend**

3:11-cv-00047-LRH-WGC            **my complaint w/ this one**

(*Id*.; emphasis added)

Defendants' motion (Doc. # 74) reviews the intricate history of this case. Defendants reference the court's March 20, 2013 scheduling order (Doc. # 32) which set a deadline for amending the pleadings or joining additional parties of 60 days from the date of the order (May 20, 2013). Defendants argued

---
[1] Refers to court's docket number.

1  Plaintiff's "motion" was untimely.

2  Any proposed amendment of a pleading is supposed to be effected by motion. Local Rule 15-1. Even liberally interpreting Plaintiff's letter to the clerk as constituting a motion, and disregarding the timeliness issue for now, the Plaintiff's request does not provide the court sufficient information to be able to evaluate the propriety of Plaintiff's proposed amended complaint.

6  More specifically, the action is currently pending against named defendants Romeo Aranas, Isidro Baca, Cheryl Burson, James "Greg" Cox, Roland Daniels, Jerry Howell, Paula Miller, Umair Moten, Dwight Neven, Francisco Sanchez, William Tate, Kay Weiss, Brian Williams, Sr., Connor Wolf, Cole Morrow, Howard Skolnik and David Mumford. The underlying action asserts a myriad of claims for retaliation, improper classification, denial of medical care, supervisory liability, etc. See, generally, Screening Order, Doc. # 19.

12  The proposed 64 page amended complaint (Doc. # 67) identifies defendants Warden Neven, Nurse Greene, James _____ (nurse), Nicole _____ (nurse), Kelly _____ (nurse) and (in the caption) "H.D.S.P. Medical Staff, numerous Correctional Officers to be named & Clark County Detention Center, Univ. Medical Center, Defendants." (*Id*., at 1-3.) None of these parties are defendants in the current proceeding. Generally speaking, the subject matter of Plaintiff's filing (Doc. # 67) pertains to an alleged denial of medical care.

18  Following the filing of Defendants' motion to strike Plaintiff's proposed amended complaint (Doc. #74), Plaintiff filed his opposition (Doc. # 75). In contradiction to his letter (Doc. # 67-1) which asked the clerk to "amend [his] complaint with this one" (i.e., Doc. # 67), Plaintiff now states his submission was supposedly *not* intended to effect an amendment of his existing complaint but to be a *new* action:

> Court Docket 67 was never intended for an Amended Complaint. It was supposed to be filed as a new 42 USC 1983 Complaint.

(Doc. # 75 at 1.)

At page 2 of his opposition, plaintiff states, again,

> I would like the following Document please and my 42 USC 1983 dated Jan. 10th 2014 submitted by itself not as a amended complaint. It was never intended for that. * * *

(*Id*.)

2

1  Accepting Plaintiff's latest characterization of Doc. #67 as being a new complaint and not an
2 attempt to amend Plaintiff's existing complaint, good cause appears to **STRIKE** Doc. # 67 from the
3 docket in this matter (although not necessarily for the reasons stated in Defendants' motion (Doc. # 74),
4 which was filed before Plaintiff clarified the characterization of his submission).  However, in the event
5 of an appeal, the record should retain this document to explain the confusion which Plaintiff has created.
6  The Clerk of Court shall nonetheless re-file Plaintiff's civil rights complaint (Doc. # 67) as a new
7 action.  However, because no filing fee was paid nor was an Application to Proceed *in forma pauperis*
8 submitted, Plaintiff shall have **thirty (30) days up to and including March 24, 2014,** to submit a
9 completed Application to Proceed *in forma pauperis* or pay the filing fees. The Clerk shall send to
10 Plaintiff the appropriate form Application to Proceed *in forma pauperis*.
11  Plaintiff is advised that his failure to timely comply with this order will result in a
12 recommendation that the new action which is filed as a result of this order be dismissed.
13  Defendants' motion (Doc. # 74) is **DENIED as moot.**
14 **IT IS SO ORDERED.**
15 **DATED:  February 21, 2014.**

16  _____
    WILLIAM G. COBB
17  UNITED STATES MAGISTRATE JUDGE

3