UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON M. JONES,<br><br>　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>DOROTHY NASH HOLMES, et. al.,<br><br>　　　　　　　　　　　Defendants. | 3:11-cv-00047-LRH-WGC<br><br>**REPORT & RECOMMENDATION OF**<br>**U.S. MAGISTRATE JUDGE** |

　　　　This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court are various motions filed by Plaintiff. First, Plaintiff has filed a "Motion for Remand Back to C.C.D.C. 'Safety Concerns' & Restraining Orders against Defendants @ H.D.S.P." (Doc. # 61.) [1] Because it seeks various forms of relief, this document was docketed as two separate motions by the Clerk's Office. (*See* Docs. # 61 and # 62 which are identical.) Defendants have responded. (Docs. # 64, # 65.)

　　　　Next, Plaintiff filed a Motion for Remand Due to Safety Concerns and Serious Medical Need, Under the Eighth Amendment. (Doc. # 63.) Defendants have filed a response. (Doc. # 66.)

　　　　Finally, Plaintiff filed a Motion for Preliminary Injunction Relief & Temporary Restraining Orders, which was docketed as two separate motions by the Clerk's Office but the documents are identical. (Docs. # 68, # 69.) Defendants responded. (Docs. # 71, # 72.)

　　　　After a thorough review, the court recommends that Plaintiff's motions be denied.

///

---

[1] Refers to the court's docket number. Unless otherwise noted all page number references to briefing are to the court's docketed page numbers.

## I. BACKGROUND

At all times relevant to the allegations in this action, Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl., # Doc. # 4.) He is a pro se litigant and brings this action pursuant to 42 U.S.C. § 1983. (*Id*.) Defendants are Aranas, Baca, Bloomfield, Nurse "Big John," Burson, Cox, Daniel, Dressler, Hinson, Holmes, Howe, Komusoff, Mataley, Miller, Morrow, Moten, Mumford, Neven, Panzzo, Riley, Sanchez, Skolnik, Sure, Sybilla, Tate, Weiss, Williams, and Wolf. (Screening Order, Doc. # 19.)[2]

The court entered an initial screening order in this matter on April 6, 2011, dismissing this action with prejudice as barred by the statute of limitations. (Doc. # 3.) Judgment was entered on April 7, 2011. (Doc. # 5.) Plaintiff appealed and the Ninth Circuit vacated the judgment and remanded to this court, finding that because any applicable tolling of the statute of limitations during the exhaustion process was not reflected from the face of the complaint, the dismissal with improper. (Doc. # 16.)

The court re-screened Plaintiff's complaint in light of the Ninth Circuit's order and concluded Plaintiff states the following colorable claims: (1) retaliation against Dorothy Nash Holmes; (2) deliberate indifference to a serious threat to his safety under the Eighth Amendment against defendants Williams, Burson, Howe, Doe classification committee members at Southern Desert Correctional Center (SDCC), Skolnik, Cox, Sure, Miller, Weiss, Daniel, Riley, Neven, Morrow, Baca, Hinson and Doe classification Committee members at High Desert State Prison (HDSP); (3) deliberate indifference to his serious medical needs under the Eighth Amendment against defendants Bloomfield, Tate, Komusoff, nurse "Big John," Fran Dressler, Cynthia Sybilla, and doctors Sanchez, Aranas and Mumford; (4) deliberate indifference under the Eighth Amendment related to conditions of confinement against defendants Mataley, Panzzo, Moten

---

[2] The Attorney General's Office has accepted service on behalf of defendants Aranas, Baca, Burson, Cox, Howell (named by Plaintiff as Howe), Miller, Morrow, Moten, Mumford, Neven, Sanchez, Skolnik, Tate, Weiss and Williams. (Docs. # 27, # 33.) The Attorney General's Office filed the last known address under seal for defendant Henson (named by Plaintiff as Hinson); however, Plaintiff has never moved to serve this person. The Attorney General's Office has not accepted service on behalf of or filed last known addresses for the following defendants: Dorothy Nash Holmes, Bloomfield, Nurse "Big John," Dressler, Komusoff, Mataley, Panzzo, Riley, Sure, or Sybilla. Nor has Plaintiff otherwise indicated that he has served these persons. Nor has Plaintiff substituted in names for the Doe defendants identified in the complaint.

1  and Wolf. (Doc. # 19.)

2  The court will now review the specific allegations of Plaintiff's complaint. Plaintiff
3  alleges that in 1996 prosecutors tried to coerce him into testifying against a known Aryan
4  Warrior prison gang member in his murder trial. Plaintiff refused, and in fact testified truthfully
5  in the inmate's defense. He claims that defendant prosecutor Dorothy Nash Holmes retaliated
6  against him by labeling him a snitch. He claims that defendants SDCC Warden Williams,
7  Associate Wardens Burson and Howell, NDOC Director Skolnik, and prison administrators Cox,
8  Sure, Miller and SDCC Caseworkers Weiss and Daniel had prior knowledge of threats to
9  Plaintiff by other inmates but still placed him in general population at SDCC.

10  On December 21, 2008, Plaintiff was attacked at SDCC by an unknown party yards away
11  from defendant unit officer Riley. Defendants Bloomfield, Tate, Komusoff, and nurse "Big John"
12  forced Plaintiff to walk to medical despite his injuries. At the infirmary, defendants "Big John,"
13  Fran Dressler, and Cynthia Sybilla gave Plaintiff only a cursory inspection, despite severe scalp
14  lacerations and what was later determined to be a skull fracture. Defendant doctors Sanchez and
15  Aranas concurred no treatment was necessary and discharged Plaintiff. Defendant officers
16  Mataley and Panzzo then forced Plaintiff to walk to disciplinary segregation without adequate
17  clothing in the middle of the night in December. Once in disciplinary segregation, officers Moten
18  and Wolf placed him in a cell without any basic necessities or property. Plaintiff filed an
19  emergency grievance for medical attention which was denied; three days later, he was
20  transported to Valley Hospital where he underwent brain surgery and was hospitalized for
21  several weeks.

22  When he was released from the hospital, he was moved to the infirmary at HDSP, and
23  defendant Dr. Mumford refused to provide him with treatment prescribed by the neurosurgeon
24  from Valley Hospital, causing Plaintiff to suffer unnecessarily. Upon his release from the
25  infirmary, defendants HDSP Warden Neven and Associate Wardens Morrow, Baca and Hinson,
26  and Doe classification committee members again returned Plaintiff to general population despite
27  direct knowledge he was vulnerable to attack and despite his request for protection.

28  Since filing this action, Plaintiff has been paroled and then his parole was revoked. There

1  have been many issues with Plaintiff not receiving filings in this action because of his failure to
2  apprise the court of his address. As a result, Defendants filed a motion to dismiss (Doc. # 45) and
3  the court issued a report and recommendation to dismiss this action with prejudice (Doc. # 50)
4  which is still pending before District Judge Hicks. Plaintiff has also filed various motions
5  requesting temporary restraining orders and preliminary injunctions, for which the court has
6  issued report and recommendations. (*See* Docs. # 52, # 54, # 55, # 57, # 58, # 59,  This report
7  and recommendation addresses the latest of these filings (Docs. # 61, # 62, # 63, # 68, # 69.)

## II. DISCUSSION

**A. OVERVIEW OF MOTIONS**

**1. Docs. # 61, # 62**

In these motions, Plaintiff asserts that he has been placed in a cell with a member of a different race and "different gang stautes," [sic] placing him in danger. (Docs. # 61, # 62 at 1.) He references being forced to "write something" and having to sign a waiver of some sort. (*Id*.) He also claims his mail is being tampered with. He contends that his medical orders for a bottom bunk have been ignored. (*Id*. at 2.) He wishes to be remanded back to the Clark County Detention Facility, and states that his criminal attorneys have filed motions containing a similar request. (*Id*.) He contends that he needs to meet with investigators there, and that his medical needs cannot be addressed where he is housed. (*Id*.)

Defendants argue that Plaintiff's motion should be denied because he seeks relief against unspecified persons regarding events that are unrelated to this action. (Docs. # 64, # 65.)

**2. Doc. # 63**

In this motion, Plaintiff asserts that NDOC is aware of his brain injury but has denied his medical orders that he be restricted to a bottom bunk. He reiterates the claim made in Docs. # 61 and # 62 that he has been housed in a cell with a member of a different race and gang.

Again, Defendants argue that Plaintiff improperly seeks relief against unspecified persons regarding issues unrelated to this case; therefore, they contend his motion should be denied. (Doc. # 66.)

///

**3. Docs. # 68, # 69**

In these motions, Plaintiff states that on November 15, 2013, he complained of severe abdominal pain and medical told him nothing was wrong. On November 23, 2013, he called a "man down" and no one did anything. Later that day, he saw a nurse who told him nothing was wrong with him. He filed an emergency grievance and Correctional Officer Bankston ripped it up. On December 11, 2013, he was admitted to the hospital for a perforated appendix. It was not removed because Plaintiff is considered to have high risk diabetes. He was returned to Clark County Detention Center on December 19, 2013, and within a week was diagnosed with acute appendicitis. He was taken back to HDSP on December 26, 2013. He contends he is still not receiving proper medical attention. He states that he has been on antibiotics and lost thirty-one pounds. He has been placed in the infirmary but he claims it is to punish him, and he does not have access to his personal property or legal supplies.

First, Defendants argue that Plaintiff's request for relief is not directed at any particular person, let alone a defendant in this action. (Docs. # 71, # 72.) Second, they contend he has not addressed the factors required for the issuance of injunctive relief. (*Id.*)

**B. ANALYSIS**

In his first three motions (Docs. # 61, # 62, and # 63), Plaintiff seeks an order remanding him to the custody of the Clark County Detention Center, citing the fact that he has been housed with an inmate of another race and apparently another gang status within NDOC and is not receiving adequate medical care. In his next two motions (Docs. # 68, # 69), Plaintiff seeks injunctive relief regarding the medical care he is receiving within NDOC. None of the motions are directed at or seek relief with respect to any particular person, let alone a defendant named in this action.

Plaintiff has been advised on numerous occasions now of the requirements for injunctive relief. Yet, once again, Plaintiff has filed motions seeking relief against unspecified individuals without addressing: (1) whether he is likely to succeed on the merits; (2) whether there is a likelihood of irreparable injury in the absence of injunctive relief; (3) whether the balance of hardships tips in his favor; and (4) whether there is a public interest in issuing an injunction.

*Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Moreover, Plaintiff has failed to heed the court's instruction that a request for injunctive relief must show a relationship between the claimed injury and the subject matter of the complaint. *See Little v. Jones,* 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997).

Plaintiff's motions concern his placement back within NDOC and the provision of medical care there. While Plaintiff perceives these issues as being related to this action, these are new claims, separate and distinct from those proceeding in this action. Plaintiff's remedy is to utilize the prison grievance system (which he seems to have done in some instances as evidenced by documents attached to his filing), and if he does not seek the relief he wants, to file a new action. Accordingly, Plaintiff's motions for injunctive relief (Docs. # 61, # 62, # 63, # 68 and # 69) should be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's motions requesting injunctive relief (Docs. # 61, # 62, # 63, # 68 and # 69).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: June 6, 2014

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE