# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JASON M. JONES, | 3:11-cv-00047-LRH-WGC |
| Plaintiff, | **ORDER** |
| v. | |
| DOROTHY NASH HOLMES, et. al., | |
| Defendants. | |

Before the court is Plaintiff's Motion for Discovery. (Doc. # 80.)[1] Defendants filed a response. (Doc. # 85.) No reply was filed.

## I. BACKGROUND

At all times relevant to the allegations of this action Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl., Doc. # 4.) He is a pro se litigant and brings this action pursuant to 42 U.S.C. § 1983. Defendants are Aranas, Baca, Bloomfield, Nurse "Big John," Burson, Cox, Daniel, Dressler, Hinson, Holmes, Howe, Komusoff, Mataley, Miller, Morrow, Moten, Mumford, Neven, Panzzo, Riley, Sanchez, Skolnik, Sure, Sybilla, Tate, Weiss, Williams, and Wolf. (Screening Order, Doc. # 19.)[2]

The court entered an initial screening order in this matter on April 6, 2011, dismissing the action with prejudice as barred by the statute of limitations. (Doc. # 3.) Judgment was entered on April 7, 2011. (Doc. # 5.) Plaintiff appealed and the Ninth Circuit vacated the judgment and

---

[1] Refers to court's docket number.

[2] The Attorney General's Office has accepted service on behalf of defendants Aranas, Baca, Burson, Cox, Howell (named by Plaintiff as Howe), Miller, Morrow, Moten, Mumford, Neven, Sanchez, Skolnik, Tate, Weiss and Williams. (Docs. # 27, # 33.) They have filed the last known address under seal for defendant Henson (named by Plaintiff as Hinson); however, Plaintiff has not moved to serve this person. They have not accepted service on behalf of or filed last known addresses for Dorothy Nash Holmes, Bloomfield, Nurse "Big John," Dressler, Komusoff, Mataley, Panzzo, Riley, Sure, or Sybilla. Nor has Plaintiff indicated that he has served these persons. Nor has Plaintiff substituted in names for the Doe defendants identified in the complaint.

remanded to this court, finding that the dismissal was improper because any applicable tolling of the statute of limitations during the exhaustion process was not reflected on the face of the complaint. (Doc. # 16.)

The court re-screened Plaintiff's complaint in light of the Ninth Circuit's order and concluded Plaintiff could proceed with the following colorable claims: (1) retaliation against Dorothy Nash Holmes; (2) deliberate indifference to a serious threat to his safety under the Eighth Amendment against defendants Williams, Burson, Howe, Doe classification committee members at Southern Desert Correctional Center (SDCC), Skolnik, Cox, Sure, Miller, Weiss, Daniel, Riley, Neven, Morrow, Baca, Henson (named by Plaintiff as Hinson), and Doe classification committee members at High Desert State Prison (HDSP); (3) deliberate indifference to a serious medical need under the Eighth Amendment against defendants Bloomfield, Tate, Komusoff; nurse "Big John," Dressler, Sybilla, and Doctors Sanchez, Aranas and Mumford; (4) deliberate indifference under the Eighth Amendment related to conditions of confinement against defendants Mataley, Panzzo, Moten, and Wolf. (Doc. # 19.)

The court will now summarize Plaintiff's allegations. Plaintiff alleges that in 1996 prosecutors tried to coerce him into testifying against a known Aryan Warrior prison gang member in his murder trial. Plaintiff refused, and in fact testified truthfully in the inmate's defense. He claims that defendant prosecutor Dorothy Nash Holmes retaliated against him by labeling him a snitch. He further asserts that defendants SDCC Warden Williams, Associate Wardens Burson and Howell, NDOC Director Skolnik, and prison administrators Cox, Sure, Miller and SDCC Caseworkers Weiss and Daniel had prior knowledge of threats to Plaintiff by other inmates but still placed him in general population at SDCC.

On December 21, 2008, Plaintiff was attacked at SDCC by an unknown party yards away from defendant unit officer Riley. Defendants Bloomfield, Tate, Komusoff, and nurse "Big John" forced Plaintiff to walk to medical despite his injuries. At the infirmary, defendants "Big John," Dressler, and Sybilla gave Plaintiff only a cursory inspection, despite severe scalp lacerations and what was later determined to be a skull fracture. Defendant doctors Sanchez and Aranas concurred no treatment was necessary and discharged Plaintiff. Defendant officers Mataley and

Panzzo then forced Plaintiff to walk to disciplinary segregation without adequate clothing in the middle of the night in December. Once there, officers Moten and Wolf placed him in a cell without any basic necessities or property. Plaintiff filed an emergency grievance for medical attention which was denied; three days later, he was transported to Valley Hospital where he underwent brain surgery and was hospitalized for several weeks.

When he was released from the hospital, he was moved to the infirmary at HDSP, and defendant Dr. Mumford refused to provide him with treatment prescribed by the neurosurgeon, causing him to suffer unnecessarily. Upon his release from the infirmary, defendants HDSP Warden Neven and Associate Wardens Morrow, Baca, and Henson and Doe classification committee members again returned Plaintiff to general population despite knowledge he was vulnerable to attack and despite his request for protection.

Since filing this action Plaintiff was paroled, and his parole was subsequently revoked. There were various issues with Plaintiff not receiving filings in this action because of his failure to apprise the court of his address. As a result, Defendants filed a motion to dismiss (Doc. # 45) and the court issued a report and recommendation to dismiss the action with prejudice (Doc. # 50), which is still pending before District Judge Hicks.

Plaintiff subsequently filed this Motion for Discovery. (Doc. # 80.) In his motion, Plaintiff cites general rules concerning discovery and discovery in inmate civil rights actions; however, he does not state exactly what discuss he wishes to conduct relative to his claims. Nor does he reference the June 19, 2013 discovery deadline set forth in the Scheduling Order. (Doc. # 32.)

In their response, Defendants argue that Plaintiff improper seeks to conduct discovery well after the discovery cutoff deadline set forth in the scheduling order. (Doc. # 85.)

## II. DISCUSSION

After this case was remanded from the Ninth Circuit, the court re-screened the action on October 16, 2012 and ordered a ninety-day stay to allow the parties to engage in settlement negotiations. (Doc. # 19.) The action did not settle, and an answer was filed on behalf of all defendants on whose behalf the Attorney General had appeared. (*See* Docs. # 27, # 30, # 33.) On

1  March 30, 2013, the court entered a Scheduling Order, allowing discovery to run through
2  June 19, 2013, with a dispositive motion deadline of July 18, 2013. (Doc. # 32.) An extension of
3  time to file a dispositive motion was subsequently requested by the Attorney General's Office
4  and granted, giving Defendants up to and including September 16, 2013, to file a dispositive
5  motion. (Docs. # 40, # 41.) There was no corresponding extension of the discovery deadline.

6  Instead of conducting discovery during the time period set forth in the Scheduling Order
7  or timely seeking an extension of the discovery deadline, Plaintiff waited until June 5, 2014,
8  almost a year after the discovery cutoff date, to file this motion. His motion does not explain, let
9  alone establish good cause for his delay in filing the motion. Nor does he specify what type of
10 discovery he wishes to conduct. His delay in conducting discovery or seeking an extension of
11 time to do so therefore appears inexcusable. As a result, Plaintiff's motion for discovery (Doc.
12 # 80) is **DENIED**.

13 **IT IS SO ORDERED**.

DATED: July 7, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE