UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON M. JONES, | 3:11-cv-00047-LRH-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | |
| DOROTHY NASH HOLMES, et. al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Plaintiff's Motion for Proper Medications. (Doc. # 97.)[1] Defendants opposed the motion. (Doc. # 101.) No reply was filed.

After a thorough review, it is recommended that Plaintiff's motion be denied.

## I. BACKGROUND

At all relevant times, Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl., Doc. # 4.) He is a pro se litigant and brings this action pursuant to 42 U.S.C. § 1983. (*Id*.) Plaintiff was allowed to proceed with claims against Aranas, Baca, Bloomfield, Burson, Cox, Daniel, Dressler, Hinson, Dorothy Nash Holmes, Howe, Komusoff, Mataley, Miller, Morrow, Moten, Mumford, Nevan, Panzzo, Riley, Sanchez, Skolnick, Sure, Sybilla, Tate, Weiss, Williams, Wolf, Nurse "Big John," and Doe classification committee members. (Screening Order, Doc. # 19.)

Plaintiff was allowed to proceed with the following claims: (1) a retaliation claim against Dorothy Nash Holmes related to his allegation that when acting as a prosecutor she retaliated

---

[1] Refers to court's docket number.

1  against Plaintiff when he refused to testify against another inmate by labeling him a snitch which
2  placed him in danger of attack by other inmates; (2) Eighth Amendment deliberate indifference
3  to a serious risk to his safety against Williams, Burson, Howe, Doe Classification Committee
4  members, Skolnick, Cox, Sure, Miller, Weiss, Daniel, Riley, Nevan, Morrow, Baca and Hinson
5  related to allegations that they knew of threats to Plaintiff by other inmates and still placed him
6  in general population at Southern Desert Correctional Center (SDCC) where he was
7  subsequently attacked; (3) Eighth Amendment deliberate indifference to serious medical needs
8  against Bloomfield, Tate, Komusoff, nurse "Big John," Fran Dressler, Cynthia Sybilla, doctors
9  Sanchez, Aranas and Mumford related to allegations that despite severe skull injuries, he was
10 given only a cursory inspection and the doctors concurred no treatment was necessary; and
11  (4) Eighth Amendment deliberate indifference  against Mataley, Panzzo, Moten and Wolff
12 related to allegations that he was forced to walk to disciplinary segregation without adequate
13 clothing in the middle of the night in December, and placed him in a cell for three days without
14 basic necessities. (*See* Doc. # 19.)
15          Plaintiff has filed numerous motions requesting injunctive relief in this action, each of
16 which has been denied by the court, usually because the motions are unrelated to the claims
17 being asserted in this action or otherwise fail to meet the prerequisites for obtaining injunctive
18 relief. (*See e.g.,* Docs. # 37, # 39, # 52, # 55, # 57, # 58, # 59, # 61, # 62, # 63, # 68, # 69, # 81,
19 # 84, # 91.) In the instant motion, Plaintiff asserts that he is diabetic and has a brain injury that
20 affects his nervous system, and was taking Neurontin to help with shooting pains he experienced
21 from his neck to his feet. (Doc. # 97 at 1.) He asserts that High Desert State Prison's medical
22 staff, in particular Dr. Holmes, refused to provide him with his medication, telling him that
23 Neurontin is only given to HIV patients. (*Id.*)
24          In their opposition, Defendants assert that Plaintiff was seen by Dr. Holmes on
25 November 10, 2014, reporting pain and insisted that he receive Neurontin; however, Dr. Holmes
26 prescribed him ibuprofen as needed for pain. (Doc. # 101 at 2.) Defendants further argue that
27 Plaintiff cannot demonstrate the medical treatment he is being provided is unacceptable so that it
28 violates the Eighth Amendment. (*Id*. at 4.)

## II. LEGAL STANDARD FOR INJUNCTIVE RELIEF

The purpose of a preliminary injunction or temporary restraining order is to preserve the status quo if the balance of equities so heavily favors the moving party that justice requires the court to intervene to secure the positions until the merits of the action are ultimately determined. *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). A preliminary injunction is an "extraordinary and drastic remedy" that is "never awarded as of right." *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008) (citations omitted). Instead, in every case, the court "must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 23 (2008) (internal quotation marks and citation omitted). The instant motion requires that the court determine whether Plaintiff has established the following: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Id.* at 20 (citations omitted).

Before *Winter*, courts in the Ninth Circuit applied an alternative "sliding-scale" test for issuing a preliminary injunction that allowed the movant to offset the weakness of a showing on one factor with the strength of another. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). In *Winter*, the Supreme Court did not directly address the continued validity of the Ninth Circuit's sliding-scale approach to preliminary injunctions. *See Winter*, 555 U.S. at 51 (Ginsburg, J., dissenting: "[C]ourts have evaluated claims for equitable relief on a 'sliding scale,' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high...This Court has never rejected that formulation, and I do not believe it does so today."); *see also Alliance*, 632 F.3d at 1131. Instead, the portion of the sliding-scale test that allowed injunctive relief upon the possibility, as opposed to likelihood, of irreparable injury to the plaintiff, was expressly overruled by *Winter*. *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). The Ninth Circuit has since found that post-*Winter*, this circuit's sliding-scale approach, or "serious questions" test "survives...when applied as part of the four-element *Winter* test." *Alliance*, 632 F.3d at 1131-32. "In other words, 'serious

1  questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can
2  support issuance of an injunction, assuming the other two elements of the *Winter* test are also
3  met." *Id.*
4        An even more stringent standard is applied where mandatory, as opposed to prohibitory
5  preliminary relief is sought. The Ninth Circuit has noted that although the same general
6  principles inform the court's analysis, "[w]here a party seeks mandatory preliminary relief that
7  goes well beyond maintaining the status quo pendente lite, courts should be extremely cautious
8  about issuing a preliminary injunction." *Martin v. International Olympic Committee*, 740 F.2d
9  670, 675 (9th Cir. 1984) (citation omitted). Thus, an award of mandatory preliminary relief is
10 not to be granted unless both the facts and the law clearly favor the moving party and extreme or
11 very serious damage will result. *See Anderson v. United States*, 612 F.2d 1112, 1115 (9th Cir.
12 1979) (citations omitted). "[I]n doubtful cases" a mandatory injunction will not issue. *Id.*
13       Finally, the Prison Litigation Reform Act (PLRA) mandates that prisoner litigants must
14 satisfy additional requirements when seeking preliminary injunctive relief against prison
15 officials. The PLRA provides, in relevant part:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief and shall respect the principles of comity set out in paragraph (1)(B) in tailoring any preliminary relief.

19 18 U.S.C. § 3626(a)(2). Thus, § 3626(a)(2) limits the court's power to grant preliminary
20 injunctive relief to inmates. *See Gilmore v. People of the State of California*, 220 F.3d 987, 998
21 (9th Cir. 2000). "Section 3626(a)...operates simultaneously to restrict the equity jurisdiction of
22 federal courts and to protect the bargaining power of prison administrators-no longer may courts
23 grant or approve relief that binds prison administrators to do more than the constitutional
24 minimum." *Id.* at 999.

### III. DISCUSSION

26       In this this action, Plaintiff alleges that various defendants were deliberately indifferent to
27 his serious medical needs following an alleged attack that occurred in 2008. In this motion, he
28

asserts that Dr. Holmes, who is not a defendant in this action, refused to give him the medication Neurontin in 2014.

First, the court does not have jurisdiction to issue an injunction directed to a non-party. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112 (1969). "A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court." *Zepeda v. United States Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1995).

Second, Plaintiff has once again failed to heed the court's instruction that a request for injunctive relief must show a relationship between the claimed injury and the subject matter of the complaint. *See, e.g., Little v. Jones*, 607 F.3d 1245, 1250-51 (10th Cir. 2010); *Colvin v. Caruso*, 605 F.3d 282, 299-300 (6th Cir. 2010); *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *Omega World Travel, Inc. v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997). The allegations raised in this motion are unrelated to this action. Plaintiff's remedy is to utilize the prison grievance procedure, and if he does not seek the relief he wants to file a new action. Accordingly, Plaintiff's motion (Doc. # 97) should be denied.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **DENYING** Plaintiff's Motion for Proper Medications (Doc. # 97).

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: May 26, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE