UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JASON M. JONES, | 3:11-cv-00047-LRH-WGC |
| Plaintiff, | **REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |
| v. | |
| DOROTHY NASH HOLMES, et. al., | |
| Defendants. | |

This Report and Recommendation is made to the Honorable Larry R. Hicks, Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Defendants' Motion to Dismiss. (ECF No. 116.)[1] Plaintiff filed a response (ECF No. 132)[2] and Defendants filed a reply (ECF Nos. 125, 134).

After a thorough review, the court recommends that Defendants' motion be granted and that the action be dismissed.

## **I. BACKGROUND**

At all relevant times, Plaintiff was an inmate in the custody of the Nevada Department of Corrections (NDOC). (Pl.'s Compl., ECF No. 4.) He is a pro se litigant and brings this action pursuant to 42 U.S.C. § 1983. (*Id*.) On screening, Plaintiff was allowed to proceed with claims against the following defendants: Aranas, Baca, Bloomfield, Burson, Cox, Daniel, Dressler,

---

[1] Refers to court's Electronic Case Filing number.

[2] Plaintiff's initial response is set forth in ECF No. 124; however, this document did not respond to the substance of Defendants' motion, but instead asserted that the lack of appointment of counsel created an "unconstitutional condition" which resulted in his inability to access the courts. (ECF No. 124.) The court has denied the various motions for appointment of counsel filed by Plaintiff in this matter, and instructed Plaintiff to file a substantive response to Defendants' motion. (*See* ECF No. 128.) Plaintiff filed his amended response in ECF No. 132. Defendants reply to this filing is set forth in ECF No. 134.

1  Hinson, Dorothy Nash Holmes, Howe, Komusoff, Mataley, Miller, Morrow, Moten, Mumford,
2  Nevan, Panzzo, Riley, Sanchez, Skolnick, Sure, Sybilla, Tate, Weiss, Williams, Wolf, Nurse
3  "Big John," and Doe classification committee members. (Screening Order, ECF No. 19.)
4      A notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m) was issued
5  on May 26, 2015, with respect to Dressler, Hinson, Nash Holmes, Mataley, Panzzo, Steve Sure,
6  Sybilla, and Big John. (ECF No. 121.) Plaintiff was give up to June 25, 2015 to file a proof of
7  service or make a good cause showing as to why service was not made as to these defendants.
8  Plaintiff has failed to file a proof of service or good cause explanation.
9      A notice of intent to dismiss pursuant to Federal Rule of Civil Procedure 4(m) was issued
10 on June 18, 2015, with respect to defendants Officer Riley, Officer Bloomfield, and Detective
11 Komusoff, giving Plaintiff up to and including July 18, 2015, to file a proof of service or make a
12 good cause showing as to why these defendants were not dismissed. (ECF No. 131.) Plaintiff
13 similarly failed to file a proof of service or good cause statement as to these defendants.
14     Nor has Plaintiff timely sought leave to amend the complaint to substitute in the names of
15 the Doe classification committee members identified in his complaint.
16     Pursuant to the screening order, Plaintiff was allowed to proceed with the following
17 claims: (1) a retaliation claim against Dorothy Nash Holmes related to his allegation that when
18 acting as a prosecutor she retaliated against Plaintiff when he refused to testify against another
19 inmate by labeling him as a snitch which placed him in danger of attack by other inmates;
20 (2) Eighth Amendment deliberate indifference to a serious risk to his safety against Williams,
21 Burson, Howe, Skolnick, Cox, Sure, Miller, Weiss, Daniel, Nevan, Morrow, Baca and Hinson,
22 related to allegations that they knew of threats to Plaintiff by other inmates and still placed him
23 in general population at Southern Desert Correctional Center (SDCC) where he was
24 subsequently attacked; (3) Eighth Amendment deliberate indifference to serious medical needs
25 against Bloomfield,  Tate, Komusoff, "Big John", Dressler, Sybilla, and Drs. Sanchez, Aranas
26 and Mumford related to allegations that despite severe skull injuries, he was given only a cursory
27 inspection and the doctors concurred no treatment was necessary; and (4) Eighth Amendment
28 deliberate indifference against Mataley, Panzzo, Moten and Wolff related to allegations that he

1  was forced to walk to disciplinary segregation without adequate clothing in the middle of the
2  night in December, and placed him in a cell for three days without basic necessities. (*See* ECF
3  No. 19.)
4      Defendants have filed a motion to dismiss for failure to prosecute under Rule 41(b) and
5  Local Rule 41-1, arguing that Plaintiff abandoned his case upon his release from prison when he
6  failed to apprise the court of his address. Defendants point out that earlier on in this case they
7  filed a motion to dismiss for failure to advise the court of his address, which the undersigned
8  recommended granting, but that District Judge Larry R. Hicks then denied as moot when
9  Plaintiff updated his address. (*See* ECF Nos. 45, 50, 84.) Nevertheless, Defendants maintain that
10 Plaintiff's dilatory conduct has prejudiced them since the events at issue allegedly took place in
11 2008, making it difficult to access to relevant evidence. In addition, they contend that Plaintiff's
12 only action since re-appearing in the case has been to file repetitive and unsubstantiated motions
13 for injunctive relief on collateral matters and for the appointment of counsel.
14     In his response, Plaintiff asserts that he did not intend to abandon his claims, but he
15 suffered a compressed skull fracture and resulting loss of memory, headaches and difficulty with
16 comprehension. He contends he has had to enlist the assistance of other inmates to file those
17 documents he has filed in this action. He requests that the court deny Defendants' motion to
18 dismiss for want of prosecution, asking the court to take into consideration the extent and
19 severity of his injuries.

## II. DISCUSSION

21 **A. Relevant Procedural History**
22     Plaintiff originally submitted his application for leave to proceed in forma pauperis and
23 complaint on January 24, 2011. (*See* ECF Nos. 1, 1-1.) The court screened the complaint
24 pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), and dismissed the complaint as
25 barred by the applicable statute of limitations. (ECF No. 3.) The court denied Plaintiff's request
26 for reconsideration of the screening order. (ECF Nos. 6, 7.) Plaintiff filed a notice of appeal.
27 (ECF No. 8.) The Ninth Circuit concluded that the dismissal was premature because it was not
28 clear from the complaint whether the statute of limitations was tolled while Plaintiff filed any

1 administrative grievances. (ECF No. 16.) The dismissal was vacated and the action was
2 remanded. (*Id*.)
3       On remand, the complaint was re-screened and the court allowed Plaintiff to proceed on
4 various claims, as outlined *supra*. (ECF No. 19.) The screening order was served on Plaintiff at
5 his last noted address of record at LCC, but was returned as undeliverable. (ECF No. 22.)
6       The court also entered an order encouraging the parties to engage in settlement
7 discussions (ECF No. 21), which was also returned as undeliverable (ECF No. 23.) Another
8 order (ECF No. 25) was returned as undeliverable and it was indicated that Plaintiff had been
9 paroled. (ECF No. 26.) Plaintiff had not advised the court of an updated address.
10       On April 3, 2013, Plaintiff filed a motion for appointment of counsel which indicated an
11 address at High Desert State Prison (HDSP). (ECF No. 34.) He never filed a formal notice
12 updating his address. The court issued a minute order the following day noting that the second
13 screening order, the order regarding informal settlement discussions and another order had been
14 returned as undeliverable, and advised Plaintiff of his responsibility to notify the court of any
15 change in address. (ECF No. 35.) The court cautioned Plaintiff that a failure to do so could result
16 in dismissal of the action. (*Id*.) Out of an abundance of caution, the court ordered the Clerk to
17 send Plaintiff a copy of the documents that had been returned as undeliverable, as well as a copy
18 of the docket. (*Id*.)
19       Plaintiff filed another motion stating that he had been paroled, but returned to prison
20 when he violated the terms of his parole. (ECF No. 37.) Subsequent documents served on
21 Plaintiff at HDSP were returned as undeliverable with a notation indicating Plaintiff was no
22 longer at HDSP. (ECF Nos. 42, 43.)
23       Defendants filed a motion to dismiss based on Plaintiff's failure to apprise the court of
24 his location, indicating that NDOC records reflected that Plaintiff was no longer in NDOC
25 custody and had been discharged from HDSP on May 2, 2013. (ECF No. 45.)
26       The undersigned issued a report and recommendation that Defendants' motion be
27 granted, finding that Plaintiff failed on numerous occasions to notify the court of his location or
28

1  provide an updated address, and had not undertaken any effort to continue to prosecute the case.
2  (ECF No. 50.) As such, the court recommended dismissal of the action with prejudice. (*Id*.)
3  　　　Following the issuance of the report and recommendation, Plaintiff filed an objection
4  (ECF No. 41) as well as various motions for injunctive relief and for the appointment of counsel
5  (ECF Nos. 52, 53, 54, 56, 57, 58, 61, 62, 63, 68, 69, 70, 79, 81, 97, 104, 105, 112, 122.) The
6  undersigned issued orders and several report and recommendations that these motions be denied,
7  which were accepted and adopted by District Judge Larry R. Hicks. (ECF Nos. 55, 59, 60, 76,
8  81, 84, 88, 91, 114, 119, 120, 127, 135, 136.) District Judge Hicks denied the report and
9  recommendation for dismissal for failure to apprise the court of his address as moot because
10 Plaintiff had since filed his updated address. (ECF No. 84.)
11 　　　He filed an amended complaint (ECF No. 67), which was stricken by the court (ECF Nos.
12 74, 77.)
13 　　　He filed a motion for discovery, which the court denied because Plaintiff did not specify
14 what discovery he wished to conduct and did not address the June 19, 2013 discovery deadline
15 set forth in the scheduling order, let alone set forth the requisite good cause for extending the
16 scheduling order deadline. (ECF Nos. 80, 89)
17 　　　On August 26, 2014, Plaintiff filed a notice of change of address indicating his new
18 address at Southern Desert Correctional Center (SDCC), and filed another notice of change of
19 address indicating a move back to HDSP on October 17, 2014. (ECF Nos. 92, 95.)
20 　　　Plaintiff filed a motion to add a witness for his case, where he sought to add Officer
21 Sanchez as a witness to his case, which the court granted to the extent Correctional Officer
22 Sanchez is disclosed as a witness in this action. (ECF Nos. 93, 96.)
23 　　　Plaintiff filed a notice indicating yet another change of address to Ely State Prison (ESP)
24 on May 1, 2015. (ECF No. 111.)
25 　　　He then filed a motion inquiring whether he could still serve interrogatories on
26 defendants, but because the discovery deadline had long since passed, the court denied this
27 motion. (ECF Nos. 113, 115.)
28

1    Defendants then filed the instant motion to dismiss. (ECF No. 116.) Plaintiff filed a
2 response, which as the court discussed, *supra*, did not address the substance of Defendants'
3 motion. (ECF Nos. 124, 128.) The court gave Plaintiff an opportunity to file an amended
4 response addressing Defendants' argument that his action should be dismissed for failure to
5 prosecute. (ECF No. 129.)
6 **B. Analysis**
7    "If the plaintiff fails to prosecute or to comply with these rules or a court order, a
8 defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). The
9 court also has the power to dismiss for want of prosecution under Local Rule 41-1. *See Pearson*
10 *v. Dennison*, 353 F.2d 24, 28 (9th Cir. 1965) (citation omitted) (acknowledging court had power
11 to dismiss under its local rule).
12    In analyzing a motion to dismiss for failure to prosecute, the court must weigh these
13 factors: "[1] the court's need to manage its docket, [2] the public interest in expeditious
14 resolution of litigation, [3] the risk of prejudice to defendants from delay, [4] the policy favoring
15 disposition of cases on their merits." *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 651 (9th
16 Cir. 1991) (citations omitted). "[T]he failure to prosecute diligently is sufficient by itself to
17 justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the
18 failure." *Id*. (citation and internal quotation marks omitted). In addition, a defendant need not
19 "show specific impairment [to its] defense, because the law will presume injury from
20 unreasonable delay." *Pearson*, 353 F.2d at 28 (citations omitted).
21    Here, Plaintiff failed to apprise the court of his address and location so that documents
22 could be served on him on many occasions. He has, to his credit, been diligent in advising the
23 court about his address changes in the recent history of this litigation, but his failure to do so
24 initially caused significant delays in the case.
25    Plaintiff was not diligent in serving those defendants whom the Attorney General's
26 Office did not accept service.
27    The scheduling order entered in this case provided a discovery deadline of June 19, 2013.
28 Plaintiff apparently conducted no discovery, and waited until June 5, 2014, nearly one year after

1 the expiration of the discovery deadline, to seek an order to conduct discovery, without
2 establishing good cause for extending the discovery deadline or outlining what discovery he
3 wished to conduct. (ECF Nos. 80, 89.)
4       The court has advised Plaintiff on countless occasions of the requirements for obtaining
5 both injunctive relief and the appointment of counsel. Specifically, the court has expressly
6 instructed Plaintiff that a request for injunctive relief must relate to the claims proceeding in this
7 action, and a motion for appointment of counsel must establish a likelihood of success on the
8 merits and an inability to articulate his claims in light of the complexity of the legal issues
9 involved. Nevertheless, Plaintiff continues to file these same motions, without meeting the
10 applicable standards, unnecessarily occupying defense counsel's time in opposing them and the
11 court's time in addressing them.
12       With this background in mind, the court will now address the factors relative to dismissal
13 for want of prosecution.
14       This case was filed in 2011, and the court can confidently say that throughout the case's
15 tenure Plaintiff has failed to be diligent in prosecuting the case. Plaintiff has failed to apprise the
16 court of his address on many occasions even after the court ordered him to do so. Plaintiff has
17 continuously filed duplicative motions for injunctive relief and for the appointment of counsel
18 that failed to address the applicable standards despite the court's recurring admonitions. Plaintiff
19 failed to raise the issue of conducting discovery until more than a year after the discovery
20 deadline had passed. Plaintiff failed to substantively respond to this motion, requiring the court
21 to divert its attention from other matters yet again, to give Plaintiff an additional opportunity to
22 respond to Defendants' argument. Plaintiff's conduct has undoubtedly impeded the court's
23 ability to manage its docket. Plaintiff's conduct is also plainly contradictory to the public's
24 interest in expeditious resolution of litigation. Therefore, these two factors decidedly weigh in
25 favor of dismissal.
26       Defendants contend that they have been and will continue to be prejudiced as a result of
27 the delay because the allegations that give rise to this action took place in 2008, and it is now
28 2015; therefore, their access to relevant evidence has necessarily been impacted. Plaintiff does

not dispute the resulting prejudice. In *Pearson,* the Ninth Circuit commented on how delay may impact a defendant:

> Delay is almost always prejudicial to one side or the other. ... The probability of prejudice to defendants upon whom process is not served for a long time is particularly great. They may, in reliance on the statute of limitations, have destroyed important records. They may have moved on to other occupations. Memory is likely to have faded. Witnesses may have died or disappeared. The longer the delay, the more likely prejudice becomes.

*Pearson*, 353 F.2d at 28. Here, seven years have passed since the events that give rise to this action took place, and four and a half years have passed since the complaint was filed. At this late juncture, many of the defendants still have not been served. The alleged conduct took place in 2008, so memories have surely faded. Witnesses have almost certainly moved on to other locations or may not be able to be located at all. Relevant documents are likely no longer accessible. The court finds that Defendants have most certainly been prejudiced by Plaintiff's delay in prosecuting this action.

The policy favoring disposition of cases on their merits weighs against dismissal. Nonetheless, the Ninth Circuit has noted: "Although there is a policy favoring disposition on the merits, it is the responsibility of the moving party to move towards that disposition at a reasonable pace, and to refrain from dilatory and evasive tactics." *Morris,* 942 F.2d at 652. Moreover, resolution on the merits cannot occur if the case is stalled or unreasonably delayed by a Plaintiff's failure to diligently prosecute his claims. *In re PPA Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006). The Ninth Circuit has been clear that if the plaintiff is the party causing the delay, dismissal is the appropriate sanction because it is the plaintiff's responsibility to move the case forward toward disposition on the merits. *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996).

Plaintiff has caused the delay in this case by not alerting the court as to his location, filing unnecessarily duplicative and meritless motions, failing to conduct discovery and then being unduly dilatory in seeking to amend his complaint without setting forth a good cause explanation for his delay. When Defendants have filed motions, he does not respond to them substantively; instead, he reasserts the same unsuccessful arguments regarding why he should be appointed

1   counsel, causing even further delays. Plaintiff has not done anything to move this case forward
2   toward a disposition on the merits.
3       Finally, the Ninth Circuit has instructed that the court should explore the availability of
4   less drastic sanctions. *See In re PPA Products Liability Litigation,* 460 F.3d at 1226 (citation
5   omitted); *McHenry v. Renee,* 84 F.3d 1172, 1128 (9th Cir. 1996); *Morris*, 942 F.2d at 652.
6       Less drastic sanctions might include: a warning, a formal reprimand, placing the case at
7   the bottom of the calendar, a fine, the imposition of costs or attorney's fees, preclusion of claims
8   or defenses. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 132 n. 1 (9th Cir. 1987).
9       The court has repeatedly warned Plaintiff of obligation to move this case forward, to keep
10  the court apprised of his location, to meet the applicable standards when seeking injunctive relief
11  or the appointment of counsel but, with the exception of his recent efforts to keep the court
12  informed as to his location, he has not heeded the court's instructions. The court previously
13  issued a report and recommendation for dismissal, and since then Plaintiff has monopolized more
14  of this court's time with duplicative filings and extremely dilatory requests to conduct discovery
15  and amend his complaint. He has failed to serve many of the defendants, and all the while
16  people's memories continue to fade.
17      The court is not convinced that a formal reprimand or placing the case at the bottom of
18  the calendar would have any impact under these circumstances. In fact, placing the case at the
19  bottom of the calendar would prejudice defendants and impact the court's docket even more than
20  it already has. A fine or the imposition of costs or attorney's fees would likely have no impact on
21  a pro se inmate who is proceeding in forma pauperis, as neither Defendants nor the court would
22  ever see the fruits of any such sanction. Finally, an order precluding Plaintiff's claims would
23  have the same result as a dismissal. Accordingly, no less drastic sanction appears appropriate
24  under these circumstances. As a result, the court recommends that Defendants' motion be
25  granted and that this action be dismissed.
26  ///
27  ///
28  ///

**IV. RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the District Judge enter an order **GRANTING** Defendants' Motion to Dismiss (ECF No. 116) and **DISMISSING** this action **WITH PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: September 3, 2015.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE